DE KRAFT (BARNEY v.). See Cases Nos. 18,230 and 18,308.

DE KRAFT (LINDSLEY v.). See Case No. 18,308.

DELAWARE, The (BOUKER v.). See Case No. 18,243.

## Case No. 18,289.

### DERMOTT v. FOWLER.

[2 Hayw. & H. 124.] [1]

Circuit Court, District of Columbia. Sept. 27, 1853.

PARTY-WALLS—COST OF REPAIRS.

Where the defendant uses a party-wall in the erection of his adjoining store, and is put to necessary expense in making the party-wall fit for his use, the jury, in assessing the damages, may take in consideration such extra expense, unless the party, or those under whom he claims, waived the defects.

At law. Action of debt. The declaration states that the defendant was indebted to the plaintiff in the sum of $449.92, for material furnished and work and labor performed and bestowed on the party-wall, being the north wall of the warehouse owned by the plaintiff,

[1] [Reported by John A. Hayward, Esq., and Geo. C. Hazleton, Esq.]

and being between the plaintiff and defendant, agreeable to the 4th section of Regulation No. 1, entitled "Terms and conditions declared by president of the United States, the 17th October, 1791, for regulating the material and manner of the building, and improvements on the lots in the city of Washington." The following, after giving in detail the contents of the wall between the parties, is the certificate of the measurer: "According to the building regulations Mr. Fowler is required to reimburse one-half the value of said wall to Miss Dermott. Samuel Fowler to Miss Anne R. Dermott, Dr. To one-half value of so much of the party-wall as is designed to be used by him in the erection of his adjoining store, as per above measurement and valuation, $449.-92. John C. Harkness, measurer."

John Carrol Brent, for plaintiff.
Joseph H. Bradley, for defendant.

On the trial of the case the following remarks were made by THE COURT: We think the jury, in estimating the cost of the wall to be paid for by the defendant, may take into consideration such expense as the defendant was necessarily put to to make the part of the wall so used by him fit for that purpose, unless the jury shall find from the evidence that the defendant waived such defects, or those under whom he claims waived them. It must be considered that the defendant, when he purchased, did so with a view to the condition in which it was at that time, and whatever damage was done by it placing the wall there, claimed for in this case, might have risen in relation to the freehold. This defendant cannot have a right to recover therefor. There seemed to be a claim for set-off against the plaintiff's account for ground used by the plaintiff, although she denied the claim.

The jury brought in a verdict of damages $365, with interest from November 10, 1851, the time when the defendant commenced to use the wall.